| | | |
|---|---|---|
| DAVID L. NEWELL, and | ) | CASE NO.: |
| KATHERINE D. NEWELL, | ) | |
|     Plaintiffs, | ) | |
| | ) | JURY DEMAND |
| v. | ) | |
| | ) | |
| SHELLPOINT MORTGAGE SERVICING, | ) | |
| aka NEW PENN FINANCIAL, LLC | ) | |
|     Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## CIVIL ACTION COMPLAINT

### INTRODUCTION

1.     This is an action for actual and statutory damages filed by David L. Newell ("Mr. Newell") and Katherine D. Newell ("Mrs. Newell") (Collectively, the "Plaintiffs") for violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act ("DFA") and, specifically, of the Regulations enacted pursuant thereto by the Consumer Financial Protection Bureau ("CFPB"). This is also an action for actual and statutory damages filed by the Plaintiffs for violations of the Real Estate Settlement Procedures Act, ("RESPA") and the Truth in Lending Act, 15 U.S.C. §§ 1601 et. seq. ("TILA").

2.     This action is specifically filed to enforce the Regulations that became effective on January 10, 2014, specifically 12 CFR Section 1024.41 of Regulation X.

3.     This is also an action for violations of the Fair Debt Collection Practices Act, ("FDCPA").

4.     This is also an action for breach of contract, breach of the covenant of good faith and fair dealings, promissory estoppel and negligent mortgage servicing.

## JURISDICTION AND VENUE

5.     The jurisdiction of this Court arises under 28 U.S.C. § 1331.

6.     This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to Section 2614 of Title 12 of the United States Code and jurisdiction to hear the claims for relief under the Truth in Lending pursuant to 15 U.S.C.A. section 1641.

7.     This court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code.

8.     This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

## PARTIES

9.     Plaintiff, David L. Newell, is a citizen and resident of Williamson County, Tennessee. His principal place of residence is 200 Augusta National Court, Franklin, Tennessee 37069.

10.     Plaintiff, Katherine D. Newell, is also a citizen and resident of Williamson County, Tennessee. Her principal place of residence is 200 Augusta National Court, Franklin, Tennessee 37069.

11.     Defendant Shellpoint Mortgage Servicing, aka New Penn Financial, LLC ("Shellpoint") is, on information and belief, a Delaware corporation with its principal office located at 4000 West Brown Deer Road, Brown Deer, Wisconsin, 53209 and may be served with process through its Registered Agent, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

## FACTUAL ALLEGATIONS

12.     On or about May 25, 2006, the Plaintiffs executed a Note payable to Countrywide Home Loans, Inc. in the principal amount of $410,400.00, with an interest rate of 8.625%.    A copy of the Note is attached hereto as Plaintiffs' **Exhibit 1**.

13.     A Deed of Trust in favor of Countrywide Home Loans, Inc. also appears to have been executed by the Plaintiff at or about the same time as the Note.   A copy of the Deed of Trust is attached hereto as Plaintiffs' **Exhibit 2**.

14.     The loan servicing was subsequently transferred to Litton Loan Servicing ("Litton") and Plaintiffs' former counsel had communications with such lender.   As an example of such communications, copies of correspondence sent to Litton in August, 2011; September, 2011; and October, 2011 is attached hereto as Plaintiffs' collective **Exhibit 3**.

15.     During the time which Litton serviced the mortgage, a massive flood in occurred in the Nashville area, which greatly affected the Plaintiffs' house.   Following damage to the house, negotiations concerning short-sales and other loss mitigation options developed to the point of procuring buyers.   Offers were conveyed to the mortgage servicer and were accepted.   However, for reasons that remain unknown, the mortgage servicer stymied the closing of such sales, including a non-contingent cash offer.

16.     The loan servicing was subsequently transferred to Ocwen Loan Servicing, LLC ("Ocwen").   A copy of a letter evidencing such a transfer from Litton to Ocwen is attached hereto as Plaintiffs' **Exhibit 4**.

17.     Plaintiffs' former counsel continued communications with Ocwen.   As an example of such communications, a copy of correspondence sent to Ocwen in November, 2011 is attached hereto as Plaintiffs' **Exhibit 5**.

18.     Discussions between Plaintiffs' former counsel and counsel for Ocwen, in an attempt to informally resolve the parties differences, escalated to the point that a reduced payoff of the loan was being conceived by both parties.

19.     The loan servicing was subsequently transferred to Defendant Shellpoint.   A copy of a letter evidencing such a transfer, sent by Ocwen, is attached hereto as Plaintiffs' **Exhibit 6**.   A copy of a letter evidencing such a transfer, sent by Shellpoint, is attached hereto as Plaintiffs' **Exhibit 7**.

20.     The Plaintiffs engaged current counsel in September, 2015.

21. The Plaintiffs, through counsel, on September 9, 2015, sent a Request for Information ("RFI") to Shellpoint pursuant to Regulation X (12 C.F.R. § 1024.36). A copy of the RFI is attached hereto as Plaintiffs' **Exhibit 8**.

22. By letter dated October 8, 2015, Shellpoint responded to the RFI, which, among other statements, stated that (1) the current owner of this loan is BONY and their address is 101 Barclay Street, 8W, New York, NY 10286, and (2) the loan was transferred from Ocwen to Shellpoint with a principal balance of $398,569.62. A copy Shellpoint's response to the RFI is attached hereto as Plaintiffs' **Exhibit 9**.

23. The Plaintiffs, through counsel, on October 27, 2015, sent a Notice of Error ("NOE") to Shellpoint pursuant to Regulation X (12 C.F.R. § 1024.35). Specifically, the NOE alleges that (1) Shellpoint is in violation of the prohibition against "dual tracking" loss mitigation and foreclosure; (2) Shellpoint has created confusion by way of written contradictions as to the owner, servicer, and transferor of the loan. A copy of the NOE, with its attachments, is attached hereto as Plaintiffs' **Exhibit 10**.

24. By letter dated November 17, 2015, Shellpoint responded to the NOE, which, among other statements, stated that (1) the current owner of the loan is Bank of New York Mellon FKA The Bank of New York and (2) the unpaid principal balance of the loan is $398,569.62. In the response, Shellpoint is adamant that it was clear on the ownership of the loan in the October 8, 2015 letter. A copy Shellpoint's response to the NOE is attached hereto as Plaintiffs' **Exhibit 11**.

25. Despite Shellpoint's previous statements that the owner of the loan was Bank of New York Mellon, Shellpoint sent a letter to the Plaintiffs dated May 11, 2016 in which it states "*This letter is in response to your recent inquiry regarding the above-referenced account serviced by Shellpoint Mortgage Servicing on behalf of Bank of America, N.A., the owner of your loan*". A copy of such letter is attached hereto as Plaintiffs' **Exhibit 12**.

26. By letter dated May 16, 2016, Rubin Lublin of TN, PLLC, as an agent for Shellpoint, sent a notice that it had been retained by The Bank of New York Mellon FKA fka The Bank of New

York to non-judicially foreclose the loan. In such notice, the amount of the debt is stated at $671,035.24. A copy of such notice is attached hereto as Plaintiffs' **Exhibit 13.**

27. Upon information and belief, the foreclosure sale is currently scheduled to occur on Thursday, June 23, 2016 at 1:00 p.m.

28. In addition to the foregoing, upon information and belief, Defendant has reported, or has caused to be reported, inaccurate and negative information to credit reporting bureaus concerning the status of the Plaintiffs' mortgage.

29. Defendant's actions have caused the Plaintiffs to suffer actual damages, including but not limited to attorney's fees incurred in the necessity of prosecuting this action.

### LOAN MODIFICATION EFFORTS

30. Since the time current counsel was engaged – from September, 2015 to present – the Plaintiffs have submitted loss mitigation packets pursuant to (a) requests and notices from Shellpoint, and (b) the applicable DFA and CFPB regulations.

31. Pursuant to the DFA and CFPB regulations, Shellpoint has informed the Plaintiffs that a single point of contact has been assigned, however, the "single" point of contact has changed multiple times. Most recently, the assigned single point of contact has been copied on emails to attorney Victor Kang at Rubin Lublin of TN, PLLC, and through Mr. Kang, has provided a new, previously undisclosed list of items needed to complete the Plaintiffs' loan modification packet.

32. Since September, 2015, Mr. & Mrs. Newell have submitted two (2) loss mitigation packets which were initially based upon Shellpoint's representations of what is required.

33. Subsequent to each submission, Shellpoint has periodically responded that documents that Shellpoint considers 'required' for a complete loan modification are missing. These required document requests have been arbitrary and have constantly shifted throughout the

process, most recently as of June 20, 2016 as conveyed through email by its agent and attorney.

34.    Mr. & Mrs. Newell have consistently tried to timely provide either (a) the requested documents, or (b) an explanation of why the documents cannot be produced.    Some of the explanations have simply been that the documents do not exist.    These explanations often do not receive a response from Shellpoint, and calls and voicemails left with Shellpoint by Plaintiffs' counsel are frequently ignored and not returned.    Moreover, many of the requests are for documents already provided.

## PLAINTIFFS' FIRST CLAIM FOR RELIEF
## FRAUDULENT OR NEGLIGENT MORTGAGE SERVICING

35.    The Plaintiffs hereby restate and incorporate by reference preceding Paragraphs 1-34 of this Complaint.

36.    The Defendant, as an alleged representative of a holder of secured claim against the Plaintiffs' principal place of residence, owes a duty to the Plaintiffs.    This duty includes, but is not limited to, accurately reporting the status of the mortgage, accurately reporting the owner of the mortgage, and accurately reporting the balance of the loan at all relevant times.

37.    The Defendant's repeated communications that contradict the owner of the loan, the prior servicers and conflicting loan balances, if proven to be intentional, amounts to fraudulent mortgage servicing.

38.    In the event that Defendant's repeated communications that contradict the owner of the loan, the prior servicers and conflicting loan balances are not proven to be intentional, such actions constitute negligence by the Defendant as these acts fall below the standard of care for a servicer of residential mortgage loans.

39.    The changing requests for documents deemed required by the Defendant, and the failure to communicate with the Plaintiffs concerning the same, despite its written intentions of indications to the contrary, if proven to be intentional, also amount to fraudulent mortgage servicing.    Likewise, in the event such actions are not proven to be intentional they still meet the threshold of negligence as these acts fall below the standard of care for a servicer of residential mortgage loans.

40.    This negligent accounting and servicing of the Plaintiffs' loan has caused damage to the Plaintiffs and has caused the Defendant to assess fees and charges that were unnecessary and unreasonable.   The Plaintiffs allege that the Defendant's fraudulent actions are intentional and deliberate or, alternatively, the Defendant's actions are negligent

41.    Based on the Defendant's fraudulent and/or negligent acts, the Defendant is liable to the Plaintiff and the Plaintiff seeks injunctive relief, monetary damages and punitive damages including attorney's fees against the Defendant.

## PLAINTIFFS' SECOND CLAIM FOR RELIEF
## VIOLATION OF 12 C.F.R. § 1024.36 ("Regulation X")

42.    The Debtors hereby restate and incorporate by reference preceding Paragraphs 1-34 of this Complaint.

43.    In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

44.    Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR 10901 (Regulation Z) (February 14, 2013) and 78 FR 10695 (Regulation X) (February 14, 2013).    These Regulations became effective on January 10, 2014.

45.    The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

46.    The Defendant in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers."    Neither is Defendant a "qualified lender," as defined in 12 CFR 617.7000.

47.    The Plaintiff is asserting a claim for relief against the Defendant for breach of the specific Rules under Regulation X as set forth below.    The Plaintiff has a private right of action under the Real Estate Settlement Procedures Act, 12 USC 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorney's fees.

48. In September, 2015, the Plaintiff sent a request pursuant to Regulation X/Z, RESPA/TILA requesting, among other items, the amounts and dates of all payments received on the Plaintiff's loan from January 1, 2010 to present; an itemized list of any fees, expenses or charges on the loan since January 1, 2010; an updated escrow statement reflecting insurance and tax payments since January 1, 2010; and an copy of note with all endorsements and/or allonges linking the original mortgagee to the current owner.

49. The request was made by certified mail, having a tracking number 7014 1820 0002 2280 4467. The request was mailed to the address noticed by the Defendant on the periodic billing statement for requesting such information as provided for by 12 C.F.R. §1024.36(b).

50. The request was received by the Defendant.

51. The Plaintiff did not receive the requested information.

52. As a result of this lack of compliance by the Defendant, the Defendant is liable to the Plaintiff for actual damages, costs, legal fees and, with a pattern and practice, statutory damages of up to $2,000.00.

## PLAINTIFFS' THIRD CLAIM FOR RELIEF
## VIOLATION OF THE TRUTH IN LENDING ACT ("TILA") (REGULATION Z)

53. The Debtor hereby restates and incorporates by reference preceding Paragraphs 1-34 of this Complaint.

54. In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

55. Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR 10901 (Regulation Z) (February 14, 2013) and 78 FR 10695 (Regulation X)(February 14, 2013). These Regulations became effective on January 10, 2014.

56. The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

57.    The Defendant in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers."    Neither is Defendant a "qualified lender," as defined in 12 CFR 617.7000.

58.    The Plaintiff is asserting a claim for relief against the Defendant for breach of the specific Rules under Regulation X as set forth below.    The Plaintiff has a private right of action under the Real Estate Settlement Procedures Act, 12 USC 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorney's fees.

59.    In September, 2015, the Plaintiff sent a request pursuant to Regulation X/Z, RESPA/TILA requesting, among other items, the amounts and dates of all payments received on the Plaintiff's loan from January 1, 2010 to present; an itemized list of any fees, expenses or charges on the loan since January 1, 2010; an updated escrow statement reflecting insurance and tax payments since January 1, 2010; and an copy of note with all endorsements and/or allonges linking the original mortgagee to the current owner.

60.    The request was made by certified mail, having a tracking number 7014 1820 0002 2280 4467.    The request was mailed to the address noticed by the Defendant on the periodic billing statement for requesting such information as provided for by 12 C.F.R. §1024.36(b).

61.    The request was received by the Defendant.

62.    The Plaintiff did not receive the requested information.

63.    As a result of this lack of compliance by the Defendant, the Defendant is liable to the Plaintiffs for actual damages, costs, legal fees and statutory damages of up to $4,000.00.

### PLAINTIFF'S FOURTH CLAIM FOR RELIEF
### VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.    ("FDCPA")

64.    The Plaintiffs hereby restate and incorporate by reference preceding Paragraphs 1-34.

65.    The Plaintiffs in this action are consumers, their mortgage is a consumer debt and the Defendant is a debt collector as defined by the FDCPA.

66.    Defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

67.     The statements and written correspondence sent by Defendant to the Plaintiffs, are false, deceptive and/or misleading representations and assertions used in connection with collection of debt, and as such constitute violations of 15 U.S.C. § 1692e.

68.     The coercive attempts to collect loan balances not due, along with additional and unnecessary mortgage payments by Defendant is a violation of 15 U.S.C. § 1692f.

69.     Pursuant to 15 U.S.C. § 1692k, the Defendant is liable to the Debtors in an amount equal to actual damages, up to $1,000.00 in statutory damages, and a reasonable attorney's fee.

**PLAINTIFF'S FIFTH CLAIM FOR RELIEF**
**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS**

70.     The Plaintiffs hereby restate and incorporate by reference preceding Paragraphs 1-34.

71.     The subject Note and Deed of Trust, like all other mortgages, contains an inherent covenant of good faith and fair dealing.

72.     The actions related to the loan modification attempts, specifically, and without limitation, the arbitrary and changing requests for documents deemed 'required' by the Defendant that were have either been provided or do not exist, constitutes a breach of this convenant.

73.     Continuing on a foreclosure track while circumventing and stymying good faith loan modification attempts not only violates the aforementioned regulations, it also amounts to a beach of the inherent covenant of good faith and fair dealings.

74.     The Plaintiffs have suffered actual damages from this breach, including but not limited to, the incurrence of attorney's fees for the necessity of bringing this action.

75.     The Plaintiffs damages will increase and they are likely to be irreparably harmed in the absence of injunctive relief.

**WHEREFORE,** the Plaintiffs having set forth the claims for relief against the Defendant respectfully prays of the Court as follows:

A.     That the Plaintiffs recover based on their first claim for relief, fraudulent/negligent mortgage servicing against the Defendant, injunctive relief, monetary damages and punitive damages including attorney's fees.

B.     A finding that the Defendant violated 12 C.F.R. § 1024.36(c) and an award of statutory damages and attorney's fees.

C.     A finding that the Defendant violated 12 C.F.R. § 1024.36(d) and an award of statutory damages and attorney's fees.

D.     A finding that the Defendant violated the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 *et seq.* and an award of statutory damages and attorney's fees.

E.     A finding that the Defendant breached the covenant of good faith and fair dealings between the parties, and an appropriate award of damages.

F.     A monetary judgment against the Defendant, in favor of the Plaintiffs, in amount equal to actual damages, plus statutory damages and attorney's fees.

G.     That the Plaintiffs recover any further relief as the Court may deem just and proper.


Respectfully submitted,


*/s/ Gray Waldron*
GRAY WALDRON
Law Office of Timothy G. Niarhos
Attorney for Plaintiffs
321 29th Avenue North
Nashville, TN 37203
(615) 320-1101 (telephone)
(615) 320-1102 (facsimile)
gray@niarhos.com

VERIFICATION OF COMPLAINT
AND CERTIFICATION BY PLAINTIFF


David L. Newell:

I, David L. Newell, having first been duly sworn and upon oath, depose and say as follows:
    I am the Plaintiff in this civil proceeding.
1.   I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
2.   I believe that this Civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
3.   I believe that this Civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
4.   I am bringing this Civil Complaint in good faith and solely for the purposes set forth in it.


David L. Newell


Subscribed and sworn to before me
this 22nd day of June , 2016.

Notary Public
My commission expires 4/5/2018

VERIFICATION OF COMPLAINT
AND CERTIFICATION BY PLAINTIFF


Katherine D. Newell:

I, Katherine D. Newell, having first been duly sworn and upon oath, depose and say as follows:
    I am the Plaintiff in this civil proceeding.
1.    I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
2.    I believe that this Civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
3.    I believe that this Civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
4.    I am bringing this Civil Complaint in good faith and solely for the purposes set forth in it.


_____

_Katherine D. Newell_
Katherine D. Newell

Subscribed and sworn to before me
this _22nd_ day of _June_ , 2016
_Gail D. Burch_
--------------------------------------------------
Notary Public
My commission expires _11/5/2018_

# AFFIDAVIT OF DAVID L. NEWELL

I, DAVID L. NEWELL, having been duly sworn according to law, state as follows:

1.     I am over the age of 18 and have personal knowledge of the information contained in this affidavit.

2.     Through counsel, my spouse and I have consistently worked with the servicers of our mortgage loan from 2010 to present in good faith attempts to, at various times, (a) sell the property, (b) apply for loss mitigation and or loan modifications, and/or (c) discuss loan settlement. These attempts have occurred multiple times and have endured over multiple servicing transfers.

3.     I initiated loss mitigation efforts with Shellpoint Mortgage Servicing, aka New Penn Financial, LLC ("Shellpoint") by sending loan modification applications on two (2) separate occasions since September, 2015.

4.     Despite my efforts, I have received conflicting information from mortgage servicers, most recently Shellpoint.

5.     A foreclosure sale of my house (200 Augusta National Court, Franklin, Tennessee 37069) is scheduled to be conducted on June 23, 2016.

6.     I have read, reviewed and understand the Civil Complaint filed herewith.

Further affiant saith not.

_____
DAVID L. NEWELL

Sworn to and subscribed before me this

22nd day of June _____, 2016.

_____
Notary Public
My Commission Expires: 11/5/2018 .

GAIL D. BURCH
STATE OF TENNESSEE
NOTARY PUBLIC
DAVIDSON COUNTY, TENN.

## AFFIDAVIT OF KATHERINE D. NEWELL

I, KATHERINE D. NEWELL, having been duly sworn according to law, state as follows:

1.    I am over the age of 18 and have personal knowledge of the information contained in this affidavit.

2.    Through counsel, my spouse and I have consistently worked with the servicers of our mortgage loan from 2010 to present in good faith attempts to, at various times, (a) sell the property, (b) apply for loss mitigation and or loan modifications, and/or (c) discuss loan settlement. These attempts have occurred multiple times and have endured over multiple servicing transfers.

3.    I initiated loss mitigation efforts with Shellpoint Mortgage Servicing, aka New Penn Financial, LLC ("Shellpoint") by sending loan modification applications on two (2) separate occasions since September, 2015.

4.    Despite my efforts, I have received conflicting information from mortgage servicers, most recently Shellpoint.

5.    A foreclosure sale of my house (200 Augusta National Court, Franklin, Tennessee 37069) is scheduled to be conducted on June 23, 2016.

6.    I have read, reviewed and understand the Civil Complaint filed herewith.

Further affiant saith not.

_____
KATHERINE D. NEWELL

Sworn to and subscribed before me this

22nd day of June_____, 2016.

_____
Notary Public
My Commission Expires: 11/5/2018.

